KNECHTGES, ESTATE OF, In re

BOCHER, Admx. v THE LORAIN COUNTY SAVINGS & TRUST CO.

Ohio Appeals, 9th District, Lorain County.

No. 960. Decided June 21, 1940.

Stevens & Stevens, Elyria, for appellant.

Fauver & Fauver, Elyria, for appellee.

## OPINION

PER CURIAM:

In the Probate Court an order was made in reference to including in the inventory and appraisal of the estate of J. P. Knechtges, deceased, certain property selected as exempt from administration from the estate of Anna Knechtges, the wife of J. P. Knechtges, who had predeceased him.

That order was made on January 12, 1940, and a notice of appeal to the Court of Common Pleas was filed on January 31, 1940.

The Common Pleas court sustained a motion to dismiss the appeal because the notice of appeal was not filed within the time provided by law; the claim being that the recent changes in the wording of three statutes, and the repeal of another, were such as to fix the time for filing such appeal as 10 days, instead of 20 days as it was before the time the changes in question were made.

These changes were all made at the same time, and were as follows:

Sec. 10501-57 GC, relating to filing of an appeal bond, was repealed; and Secs. 10501-56, 12223-3, and 12223-7, GC, were amended.

The views of the respective parties as to the effect of the changes made in such statutes are clearly set forth in the briefs of counsel, and it is evident that a very perplexing question is presented, which should be determined.

We are of the opinion that in the amendment of §12223-7, ¶1 GC, the elimination of mention of the Probate Court was not for the purpose of changing the time for appeal, but was because, in view of the contemporaneous amendment of §10501-56 GC, such mention was considered to be unnecessary.

While such mention was not necessary, it is true also that the elimination of such mention was not necessary.

Under all of the circumstances presented, we feel justified in ascribing to the legislature an intention to promote uniformity of practice rather than to create a regrettable confusion, and we therefore hold that the time for filing an appeal from the Probate Court to the Common Pleas Court is 20 days, and not 10 days.

The judgment of the Common Pleas Court dismissing said appeal is reversed, and the cause is remanded to that court for further proceedings according to law.

WASHBURN, PJ., DOYLE, J., & STEVENS, J., concur.